*Platzer, Swergold, Karlin, Levine,*
*Goldberg & Jaslow, LLP*
*Special Collections Counsel for Yann Geron, Chapter 7 Trustee*
*1065 Avenue of the Americas, 18th Floor*
*New York, NY 10018*
*(212) 593-3000*
*Sherri D. Lydell, Esq.*
*Teresa Sadutto-Carley, Esq.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| THELEN LLP, | : | Case No. 09-15631 (ALG) |
| Debtor. | : | |
| YANN GERON, as Chapter 7 Trustee of the Estate of Thelen LLP, | : | |
| Plaintiff, | : | Adv. Pro. No. 11-_____ |
| - against - | : | |
| MANOUCHER SARBAZ AND PACIFIC GOLF COMMUNITY DEVELOPMENT LLC, | : | |
| Defendants. | : | |

## I. COMPLAINT

Yann Geron (the "Trustee" or "Plaintiff"), as Chapter 7 Trustee of the Estate of Thelen LLP, the above-captioned debtor (the "Debtor"), by his attorneys, Platzer, Swergold, Karlin, Levine, Goldberg & Jaslow, LLP ("Platzer"), for his complaint against Manoucher Sarbaz ("Sarbaz") and Pacific Golf Community Development LLC ("Pacific Golf", along with Sarbaz

shall collectively be referred herein as the "Defendants"), allege, upon knowledge with respect to his own acts and, upon information and belief, with respect to the acts of others as follows:

## II. NATURE OF THE ACTION

1. This is an adversary proceeding brought in the above-captioned bankruptcy case pursuant to Part VII of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking to recover against Defendants, the outstanding amounts due and owing on account of legal services rendered and expenses incurred by the Debtor on behalf of the Defendants, together with all interest that has accrued, and to expunge any claim Defendants may have against the Debtor's estate.

## III. JURISDICTION AND VENUE

2. This adversary proceeding is brought pursuant to 11 U.S.C. §§ 502(d) and 542 and Rule 7001 of the Bankruptcy Rules.

3. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 (a) and (b), 1334 (b), and the "Standing Order of Referral of Cases in Bankruptcy Judges" of the United States District Court for the Southern District of New York (Ward, Acting C.J.), dated July 10, 1984.

4. Venue of this adversary proceeding is proper pursuant to 28 U.S.C. § 1409(a). This is a core proceeding under 28 U.S.C. §157(b)(2)(A), (B), (E) and (O).

## IV. BACKGROUND

5. On September 18, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

6. On September 18, 2009, the United States Trustee appointed Yann Geron as the interim Chapter 7 trustee in this case.

7. On October 15, 2009, Mr. Geron presided over the meeting of creditors in the Debtor's case and by operation of law, became the permanent trustee of the Debtor's estate. Mr. Geron is currently serving in that capacity.

8. On or about December 1, 2006, Thelen Reid & Priest merged with Brown Raysman Millstein Felder & Steiner, LLP and thereafter was known as Thelen Reid Brown Raysman Steiner and thereafter Thelen, LLP.

9. In October 2008, the Debtor formally voted to dissolve the partnership. Thereafter, the Debtor began winding-down its affairs under the guidance of a dissolution committee and then subsequently filed the instant bankruptcy proceeding.

10. In an effort to continue the process of the collection of the Debtor's accounts receivables, the Trustee retained Platzer as one of its special collections counsel.

### V.    THE PARTIES

11. The Trustee is a member of the panel of private trustees established by the United States Trustee pursuant to 28 U.S.C. § 586. The Trustee Maintains offices at Fox Rothschild LLP, 100 Park Avenue, 15th Floor, New York, New York 10017. The Debtor is a limited liability partnership organized and existing under the laws of the State of California. Prior to the Petition Date, the Debtor did business as Thelen LLP with offices in 8 locations throughout the United States and internationally.

12. Upon information and belief, the Defendant, Sarbaz, is an individual with a residence located at 9903 Santa Monica Blvd., Suite 541, Beverly Hills, CA 90212.

13. Upon information and belief, the Defendant, Pacific Golf, is a limited liability company with a principal place of business at 901 N. Western Avenue, #10, Los Angeles, CA 90029.

14. Upon information and belief, the Defendants are joint and severally liable for the outstanding amounts due and owing on account of legal services rendered and expenses incurred by the Debtor on behalf of the Defendants.

## VI. AS AND FOR A FIRST CAUSE OF ACTION
### (Turnover – 11 U.S.C. § 542)

15. Prior to the Petition Date, the Defendants engaged the Debtor to perform legal services.

16. That in exchange for legal services rendered and expenses incurred by the Debtor on behalf of the Defendants, the Defendants expressly agreed, upon receipt of monthly invoices, to remit timely payments in the amounts stated therein.

17. That beginning in or about November 2005 and continuing until now, the Defendants have failed to remit payments to the Trustee on behalf of the Debtor's estate despite the Debtor's billing statements and invoices to remit same.

18. By letter dated September 1, 2010, the Trustee duly demanded immediate payment of the outstanding amount due and owing.

19. The Defendants have yet to fully satisfy their debt to the Debtor's estate.

20. As a result of the foregoing, the Plaintiff, as Trustee of Thelen has been damaged in the amount of $398,785.71, plus interest thereon, which is the amount justly due and owing to the Plaintiff.

21. Section 542(a) of the Bankruptcy empowers the Trustee, for the benefit of the estate, to compel the turnover of assets of the Debtor's estate, and to require the holder of such assets to account for them.

22. For all the foregoing reasons, pursuant to Sections 542(a) of the Bankruptcy Code, this Court should enter judgment against the Defendants compelling the turnover of the sum of $398,785.71, plus interest, to the Trustee.

### VII. AS AND FOR A SECOND CAUSE OF ACTION
### (Unjust Enrichment)

23. Plaintiff repeats and re-alleges each and every allegation set forth above as if fully set forth at length herein.

24. The Defendants received the benefit of the services rendered and expenses incurred by the Debtor at their request.

25. The services rendered and expenses incurred by the Debtor, at the Defendants' request, was at the Debtor's cost and expense.

26. The equity and good conscience provided by the Debtor to the Defendants requires restitution.

27. The Defendants have been enriched in the amount of no less than $398,785.71.

### VIII. AS AND FOR A THIRD CAUSE OF ACTION
### (Objection to Claim – 11 U.S.C. § 502(d))

28. Plaintiff repeats and re-alleges each and every allegation set forth above as if fully set forth at length herein.

29. As set forth above, Defendant is holding on to property of the Debtor's estate, which must be turned over pursuant to section 542(a) of the Bankruptcy Code.

30. For all the foregoing reasons, pursuant to Section 502(d) of the Bankruptcy Code, this Court should enter judgment disallowing any claim of the Defendant unless and until it has returned any and all property of the estate, or the value thereof, to the Trustee.

### **REQUEST FOR RELIEF**

WHEREFORE, the Debtor requests judgment as follows:

    a. on the first and second claims, the sum of $398,785.71, plus interest;

    b. granting costs and attorney's fees to Plaintiff;

    c. expunging any claims Defendants may assert against the Debtor's estate; and

    d. granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       September 14, 2011

PLATZER, SWERGOLD, KARLIN, LEVINE, GOLDBERG & JASLOW, LLP
*Special Collections Counsel to Plaintiff*
*Yann Geron, Chapter 7 Trustee*

By:    /s/ Sherri D. Lydell
    SHERRI D. LYDELL, ESQ.
    A Member of the Firm
    1065 Avenue of the Americas, 18th Floor
    New York, NY 10018
    (212) 593-3000
    slydell@platzerlaw.com